Commonwealth *v.* Banks, Appellant.

358

Argued March 18, 1971.   Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*George B. Stegenga,* with him *D. Keith Melenyzer,* for appellant.

*Roger J. Ecker,* Assistant District Attorney, with him *Jess D. Costa,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, December 29, 1971:

This concerns the appeal of John Allen Banks who was convicted by a jury of having participated in the burglary-homicide of F. K. Fawcett in July 1969, in Washington, Pennsylvania.  Banks was adjudged guilty

of murder in the second degree. In a subsequent and separate jury trial, Norvelle DeWitt Jennings, another alleged participant in the Fawcett crimes, was convicted of murder in the first degree. Today, we affirmed the judgment and conviction of Jennings. As noted in our opinion disposing of the Jennings appeal, the evidence of guilt introduced by the Commonwealth in the Jennings trial was more substantial than that offered during the Banks trial.

The facts giving rise to the prosecutions are detailed in our opinion disposing of the Jennings appeal and will not be repeated here.

In the instant appeal, it is urged Banks is entitled to a new trial because "the verdict was against the weight of the credible evidence," and also because certain errors during the trial proceedings were prejudicial to Banks' rights.

In reviewing the validity of a criminal conviction, it is not the duty of this Court to weigh the evidence or to pass upon the credibility of the trial witnesses. Cf. *Commonwealth v. Green*, 358 Pa. 192, 56 A. 2d 95 (1948). However, this does not mean that in a proper case, we are precluded from awarding a new trial in order to prevent a miscarriage of justice,[1] if the assignment of error under discussion is construed to establish that the evidence below was such that justice requires a new trial. However, in the instant case, we are not so persuaded. The sufficiency of the evidence to sustain the conviction is not disputed, and our review of the record satisfies us that no error of law ensued in leaving the issue of guilt to the jury's determination.

---

[1] The question of whether a new trial should be granted in order to prevent a miscarriage of justice is initially within the discretion of the trial court and its discretion will not be reversed on appeal, unless the record demonstrates that discretion was abused.

Likewise, we find no merit in the position that trial errors mandate a new trial.

It is first asserted the conviction should not stand because Banks was not properly and timely arraigned before the trial court.

Rule 317 of the Pennsylvania Rules of Criminal Procedure provides that every defendant in a capital case shall be arraigned in open court at least ten days before trial, and that the arraignment shall consist of a reading of the indictment to the defendant and calling upon him to plead thereto. Herein, just as in the *Jennings* case, the court did not follow the mandate of Rule 317 by reading the contents of the indictment to the defendant because it included counts charging the commission of other crimes. However, the court did inform Banks he stood before the court indicted for the murder of F. K. Fawcett, and in response to this admonition, Banks plead "not guilty." In *Jennings,* we overruled the contention that a new trial was necessary because of the court's failure to read the contents of the indictment to the accused during the arraignment proceedings, and we reject it here also for the reasons given in the *Jennings* opinion.

However, the trial court created another unnecessary problem in the instant case by not arraigning Banks until after the jury was selected and sworn. This was error and, while we emphatically condemn the disregard of our Rules, we fail to see how Banks was prejudiced by this particular infraction.

In the first place, the provision in Rule 317 stating the arraignment shall be conducted at least ten days before trial is primarily for the purpose of giving the court and the prosecution notice of the defendant's plea to the indictment in order that there will be no untimely delays on their part in preparing for the disposition of the charges.

Secondly, as we explained in *Commonwealth v. Phelan*, 427 Pa. 265, 234 A. 2d 540 (1967), cert. denied, 391 U.S. 920, 88 S. Ct. 1803 (1968), the purposes of an arraignment are to fix the identity of the accused, to acquaint him with the nature of the charges and to provide him with the opportunity of pleading thereto. The instant record discloses these particular purposes were amply fulfilled.

The burglary-homicide involved occurred on July 26, 1969. Banks was arrested on August 19th for burglary, larceny, conspiracy and murder in connection therewith. On August 26th, the court appointed counsel to represent him and he was given a preliminary hearing on the charges before a committing magistrate on September 11th. He was indicted on January 6, 1970, and a pretrial conference with all parties present was held before the court on January 14th.

Following his appointment, counsel for Banks served the interests of his client assiduously. He sought Banks' discharge pretrial through habeas corpus. He filed motions challenging the array of the grand jury, and the array of the petit jury. He succeeded in having the court sever the burglary, larceny and conspiracy counts in the indictment from the murder count. He also filed a petition for a bill of particulars; a motion asking the court to direct the district attorney to provide the defense with copies of certain written documents in the possession of the prosecution; a motion for a change of venue and a motion to suppress certain evidence. Under the circumstances, it can hardly be said that the identity of the accused was not fixed, or that Banks was not fully informed of the nature of the charges pending against him. Cf. 21 Am. Jur. 2d, Criminal Law §454 (1965), and 22 C.J.S., Criminal Law §411(1) (1961).

It is next complained the trial court erred in admitting in evidence one enlarged photograph depicting

Mr. Fawcett and the conditions of his bedroom when he was found by those who first appeared on the scene following the crimes. This exhibit served a clear evidentiary purpose, and, under the circumstances, this fact amply outweighs any reason for rejection of the exhibit, such as the likelihood it might inflame the minds of the jurors. Hence, the trial court did not abuse its discretion in admitting this photograph. *Commonwealth v. Wilson*, 431 Pa. 21, 244 A. 2d 734 (1968).

It is next maintained the trial court erred in asking the jury to determine whether Naser was in fact an "accomplice" of Banks. The challenged portion of the charge was as follows: "Naser's testimony is of extreme importance in this case and his credibility should be weighed carefully. I repeat, his testimony, if it is believed, reveals he was an accomplice of the defendant. It is for you to say whether Naser was in fact the defendant's accomplice for this is a matter which depends upon his credibility, that is, his truthfulness. In making your determination, you must realize that if the defendant did not commit the crime, he could not have had any accomplice at all."

In *Commonwealth v. Sisak*, 436 Pa. 262, 259 A. 2d 428 (1969), we recently stated: "The general rule for determining whether a witness is an accomplice is 'whether or not he could be indicted for the crime for which the accused is charged.' "

Since Naser had already been indicted for the crime for which Banks was on trial, it is urged the trial court should have declared Naser an accomplice as a matter of law. But, a reading of the charge in its entirety demonstrates that this is what the court did if the jury believed his testimony as to the commission of the crimes, and that he and Banks participated therein. As the court explained, if Naser's testimony that Banks participated in the commission of the crimes were not true, Naser could not have been

his accomplice. Under the circumstances, no prejudicial error ensued, particularly since the court clearly instructed the jury as to the care and scrutiny to be given the testimony of an accomplice before it is accepted as credible.

Next, the sufficiency of the medical testimony to establish a causal connection between the assault and Mr. Fawcett's death is challenged.

A pathologist testified that the cause of death was "subdura and subarachnoid hemorrhage of the brain." He then opined that his hemorrhage came "from blows that jostled the brain and tear the small blood vessels that go between the surface of the brain and the thick covering, the dura . . . ." He also expressed the opinion that the blows were inflicted "with a blunt instrument of some sort."

Appellant, citing *Commonwealth v. Radford,* 428 Pa. 279, 236 A. 2d 802 (1968), argues that the foregoing testimony indicated probable causation at most, and thus the Commonwealth failed in its burden to establish actual causation beyond a reasonable doubt.

The fact that the medical witness could not say what type of instrument was employed to inflict the blows is of little moment. The important fact is that he testified it was "blows" that caused the fatal injury.

Finally, it is submitted the trial court committed error in refusing a specific request to instruct the jury on voluntary manslaughter, and also in failing to submit to the jury such a finding as a possible verdict. Since there was no evidence which pointed in the slightest degree to the offense of manslaughter, the court's action did not constitute error. *Commonwealth v. LaRue,* 381 Pa. 113, 112 A. 2d 362 (1955); and, *Commonwealth v. Flax,* 331 Pa. 145, 200 A. 632 (1938).

Judgment affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.

DISSENTING OPINION BY MR. JUSTICE POMEROY:

I believe the trial court committed prejudicial error in one important respect and that a new trial is required to correct it. I therefore am obliged to dissent.

It is my view that the trial court should have granted the request to instruct the jury on voluntary manslaughter as being a verdict which it was within the jury's power to return under the murder indictment, with the cautionary admonition, nevertheless, that there was here no evidence of passion or provocation to justify the jury in so doing. The reasons for this view are set forth in *Com. v. Matthews*, 446 Pa. 65, 285 A. 2d 510 (1971) (dissenting opinion joined by Mr. Justice ROBERTS), to which reference is hereby made.

Mr. Justice ROBERTS joins in this dissenting opinion, and in addition dissents for the reasons stated in his dissenting opinion in *Commonwealth v. Matthews*, 446 Pa. 65, 285 A. 2d 510 (1971).