Commonwealth *v.* Monroe, Appellant.

Argued April 22, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and NIX, JJ.

*Faust Mattioni,* with him *Mattioni, Mattioni & Mattioni,* for appellant.

*John H. Isom,* Assistant District Attorney, with him *David Richman,* Assistant District Attorney, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 1, 1974:

On January 29, 1972, at approximately 1:00 a.m., George Ware was fatally shot at a bar known as the "S and C Lounge," located at 1326 West Girard Avenue, Philadelphia, Pennsylvania, by appellant, Andre Monroe. The Commonwealth's evidence disclosed that prior to the shooting, one James McCoy and another man were seated at the bar when they were approached by two women, one of whom was appellant's sister. The

women took seats next to the two men and ordered refreshments. A conversation started among the four, which ultimately became an insult match between appellant's sister and James McCoy. Appellant, who was present at the bar during the conversation, approached McCoy and demanded to know why McCoy had insulted his sister. The bartender, upon observing that appellant and McCoy were becoming angry, and noting that McCoy had a gun, asked the men to leave the bar in order to avoid trouble. They immediately complied. Approximately twenty minutes later, appellant returned to the bar and asked the bartender whether McCoy was still there. The bartender replied that he was not. Appellant was then approached by three men, one of whom was McCoy's brother-in-law, Gregory Ware. Ware identified himself as McCoy's brother-in-law, and asked appellant if he was looking for trouble. Appellant quickly drew a pistol and fired at Ware, causing his death. Appellant, waiving his pistol, then left the bar. He was subsequently arrested and convicted by a jury of murder in the second degree. After denial of his post-trial motions, appellant was sentenced to ten to twenty years in prison.

Appellant, in this appeal, argues that the trial court erred when it refused to give appellant's requested charge relating to voluntary manslaughter. We agree.

At the time of appellant's trial, a defendant was not entitled to a charge of voluntary manslaughter, unless there was some evidence in the case which could support such a verdict. See *Commonwealth v. Davis,* 449 Pa. 468, 297 A.2d 817 (1972), *Commonwealth v. Matthews,* 446 Pa. 65, 285 A.2d 510 (1971). Now see *Commonwealth v. Jones,* 457 Pa. 563, 319 A.2d 142 (1974).

We believe that there was evidence which could support a verdict of voluntary manslaughter in this case. As previously related, the testimony disclosed that twenty minutes before the shooting, appellant had seen

the victim's brother-in-law, McCoy, with a gun. Even though appellant did not take the stand, the jury could have inferred that when appellant saw Ware and two other men advance toward him in a threatening manner, appellant's act of quickly firing his gun might have been motivated by a fear that his life was in danger. Even if this fear were unreasonable, if it actually motivated appellant, his crime would be voluntary manslaughter, not murder. See *Commonwealth v. Miller,* 448 Pa. 114, 290 A.2d 62 (1972), *Commonwealth v. Principatti,* 260 Pa. 587, 104 A. 53 (1918).

Judgment of sentence reversed and case remanded to the Court of Common Pleas of Philadelphia for a new trial.

Mr. Chief Justice JONES and Mr. Justice EAGEN dissent.

Mr. Justice MANDERINO took no part in the consideration or decision of this case.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I concur in the grant of a new trial. It is my view that constitutional error occurs* when in a murder

---

* The reasons supporting my view are set out in greater detail in *Commonwealth v. Jones,* 457 Pa. 563, 577, 319 A.2d 142, 146 (1974) (Opinion in Support of Reversal) (ROBERTS, J., joined by POMEROY & MANDERINO, JJ.) ; *Commonwealth v. Cannon,* 453 Pa. 389, 398, 309 A.2d 384, 390 (1973) (ROBERTS, J., dissenting, joined by POMEROY & MANDERINO, JJ.) ; id. at 400, 309 A.2d at 390 (POMEROY, J., dissenting, joined by ROBERTS & MANDERINO, JJ.) ; *Commonwealth v. Kenney,* 449 Pa. 562, 570, 297 A.2d 794, 798 (1972) (ROBERTS, J., dissenting, joined by POMEROY & MANDERINO, JJ.) ; *Commonwealth v. Davis,* 449 Pa. 468, 477, 297 A.2d 817, 818 (1972) (ROBERTS, J., Opinion in Opposition to Affirmance, joined by POMEROY & MANDERINO, JJ.) ; *Commonwealth v. Banks,* 447 Pa. 356, 364, 285 A.2d 506, 509 (1971) (POMEROY J., dissenting, joined by ROBERTS, J.) ; *Commonwealth v. Matthews,* 446 Pa. 65, 77, 285 A.2d 510, 516 (1971) (ROBERTS, J., dissenting, joined by POMEROY, J.) ; id. at 78, 285 A.2d at 516 (POMEROY, J., dissenting, joined by ROBERTS, J.).

594

prosecution a trial court refuses to deliver a requested charge on voluntary manslaughter, regardless of the presence or absence of evidence tending to prove the distinguishing elements of voluntary manslaughter. This was the situation here.

Mr. Justice POMEROY joins in this concurring opinion.