393 A.2d 1221

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Fred BIANCONE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1977.

Decided Oct. 20, 1978.

William R. Bernhart, Reading, for appellant.

Charles A. Haddad, District Attorney, Reading, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered following jury trial and conviction as to charges of aiding consummation of crime, receiving stolen property, and criminal conspiracy.[1] These charges stemmed from an incident in which two individuals, Michael Folk and Kevin Hogue, removed 23 rifles and handguns from a residence in Berks County. These two were witnesses at the trial of appellant, and they each testified to the effect that they were indebted for the payment of the balance of the premium for their bail bonds to appellant, who was insisting upon payment, and who instructed them that the way to satisfy the debt would be to steal the items involved in the theft. This was done on the night of June 15, 1974, and the two men delivered the stolen items to the home of appellant, whereupon they

1. "Crimes Code", Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. §§ 5107, 3925, and 903(a)(1), respectively.

received a certain amount of cash for their work. Charges against Folk and Hogue, the two who committed the breaking, entering, and theft, were handled separately and apart from the charges against appellant.

Trial of appellant began on June 11, 1975, with Attorney Fred Noch serving as privately-retained counsel. Prior thereto Mr. Noch had served as counsel for the witness Folk in separate legal proceedings against him. Pertinent facts brought out at an evidentiary hearing on Biancone's motion for a new trial and in arrest of judgment, held December 30, 1975, are these: On November 14, 1974, Noch entered his appearance as counsel for Michael Folk in a number of criminal actions against Folk. The dockets of these cases show that on February 3, 1975, a fellow public defender with Noch, by the name of Attorney Rizzuto, entered his appearance for Folk. The record does not show Noch's withdrawal of appearance. However in May of 1975 Noch resigned from the public defender's office and turned over all cases to other staff members. Noch testified that his representation of Folk actually had terminated on the date in February when Rizzuto took over the Folk case and appeared before the court in Folk's behalf. Noch's representation of Biancone began on June 5, 1975, and continued until November of 1975.

In this connection, appellant now argues that he was denied effective counsel because his trial attorney had earlier represented one of the witnesses for the prosecution. The right to effective counsel is constitutional. "Inherent in the right to effective assistance of counsel is the correlative right to be represented by counsel unburdened by any conflict of interest." *Commonwealth v. Breaker*, 456 Pa. 341, 343, 318 A.2d 354, 355 (1974). Our Supreme Court has stated that the defendant must show that a conflict exists, inherent in which is the possibility of harm or prejudice. But the mere fact of dual representation does not of itself fulfill this requirement of proof. *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977).

Most of the discussion of the subject of counsel's conflict of interest has arisen when the attorney has repre-

sented co-defendant's at the same trial. Instantly appellant's counsel was representing only the appellant in his separate trial. A conflict of interest exists when trial counsel represents more than one defendant and is prevented from advancing the best defense for each defendant because the best defense for one is inconsistent with or interferes and conflicts with the best defense for another. As we said in *Commonwealth v. Armbruster,* 225 Pa.Super. 415, 311 A.2d 672 (1973) a party claiming a conflict of interest "must at least show the possibility of harm, e. g., that he had a defense inconsistent with that advanced by the other client, or that counsel neglected his case in order to give the other client a more spirited defense." 225 Pa.Super. 417–418, 311 A.2d p. 673 (citations omitted). A party claiming a conflict of interest must show that in some way counsel neglected his defense in order to favor another. All during the time that Mr. Noch was defending appellant he was completely free to present whatever defense was best for his client. He owed no allegiance to Folk which would require him to neglect appellant or constrain or temper his efforts in behalf of him. Attorney Rizzuto had taken over the representation of Folk's post trial proceedings before appellant hired Noch.[2] The only claim which appellant makes of lack of effort on the part of his counsel is that Mr. Noch's cross examination covered only 10 pages in the transcript of testimony. Every experienced trial attorney is fully aware of the fact that cross examination is a two edged sword and must be handled with caution. Appellant points to no questions that should have been asked by counsel nor to any field of inquiry which counsel neglected. We do not find conflict of interest in this case nor do we find any diminution of counsel's effectiveness by such alleged conflict.

Secondly, appellant alleges ineffective trial counsel in that Noch failed to use notes of testimony from the preliminary hearing and a statement by Folk given to an investi-

2. At the time appellant retained attorney Noch he knew that Noch had represented Folk. Thus there was no lack of knowledge on appellant's part. See transcript of testimony of post trial hearing commencing December 30, 1975 at page 25.

gating State Policeman. Appellant maintains that the inconsistencies in Folk's story as told upon these occasions should have been used to impeach his credibility at trial. No specific reference is made as to what these inconsistencies are. We have studied the hearing notes and the statement, for they were affixed to the notes of the post trial motions hearing, and find no inconsistencies. Folk's story about the criminal activity is remarkably uniform, as he told it on a number of dates separated in time. This argument is without merit.

■ Also as to effectiveness of counsel, appellant alleges that his engaging Noch only six days prior to trial did not give the attorney enough time to prepare. We have never felt that a certain number of days' preparation is adequate or inadequate; rather it is what is able to be accomplished in the days available. See *Commonwealth v. Curges,* 238 Pa. Super. 251, 357 A.2d 591 (1976). In this case we are faced with trial counsel's testimony at the post trial motions hearing that he felt adequately prepared and knowledgeable about the case's preliminaries. Neither prior nor present counsel for Biancone challenges this, nor is there any specification of lack of preparedness. We are not furnished with any explanation by way of the appellate brief as to why these six days were unavailing to the parties for preparation. The unsubstantiated argument is without merit.

■ Lastly, appellant argues, based upon the following statement of Judge WOODRING at sentencing, that the Judge erred in not disqualifying himself, when requested, immediately after speaking:

THE COURT: After sentencing judgment will have been entered and this case will have been concluded, this portion of the proceeding. Before imposing sentence I want to point out what kind of man you are according to the testimony which the jury accepted. You are not only a criminal, but you are a fiend. You imposed your financial weight upon these two young men, Mr. Folk and Mr. Hogue, and compelled them to go and commit this burglary which produced more than 23 rifles and other weapons of considerable value. I am not going to refer you to

their testimony, but it was to the effect that they were out on bail and they owed you money for the premiums on the bail. Folk had paid you 200 and $700. Then when he didn't come up with the balance of the premium, you said, well then, he would have to go to jail if he didn't pull this job.

Charles Dickens wrote a story about a man by the name of Fagin, who compelled little boys to commit crime, but that was long ago and that was fiction. But this is 1976, these offenses occurred, I believe, in 1974, and we don't compel young men to commit crime, either in Berks County or in the Commonwealth of Pennsylvania.

While we are not usually faced with such artful language, we do not find it erroneously-stated in light of the facts of this case, and the uses to which appellant had put both of the men who accomplished the actual theft. In the circumstances at sentencing, we do not find error in the lower court's statement.

Judgment of sentence affirmed.

PRICE and SPAETH, JJ., concur in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.