411 A.2d 796

**COMMONWEALTH of Pennsylvania**

*v.*

**Gerald RAWLS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 24, 1979.

Filed Oct. 12, 1979.

Robert F. Paskings, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas, Montgomery County, Pennsylvania, are sitting by designation.

MONTGOMERY, Judge:

On July 21, 1977, appellant was adjudged guilty in a non-jury trial of second degree murder, robbery, burglary and criminal conspiracy. Post verdict motions were denied, and appellant was thereafter sentenced to a life term on the murder bill, separate ten to twenty year terms on the robbery and burglary convictions, and five to ten years for conspiracy.

The evidence below established that on January 24, 1977, around 9:00 P.M., appellant and another person forcibly entered the apartment of decedent, Anderson Witcher, and his wife in Philadelphia. Mrs. Witcher was pushed onto a bed, and appellant struck the decedent, then sixty-three years of age, two or three times on the side of the head. The two actors ransacked the apartment, and departed with a television set. When the police arrived a short time later, Mr. Witcher was sitting on the sofa, seemingly asleep. An officer aroused him and inquired if he wished to go to the hospital, and decedent declined. A detective subsequently arrived for the purpose of interviewing Mr. Witcher, however, decedent then appeared not to be breathing. Mr. Witcher was pronounced dead at the hospital of a subdural hemorrhage, at 11:05 P.M.—approximately two hours after the burglary. The medical examiner, at trial, stated that the hemorrhage was due to a blunt impact of some type to the left side of the head.

Appellant alleges the following trial errors on appeal: (1) that the evidence was insufficient to prove beyond a reasonable doubt that appellant's acts were the cause of decedent's death; and (2) that it was prejudicial to allow a Commonwealth witness to give oral evidence of a letter which contained threats supposedly written by the appellant, without producing the letter itself.

Appellant first argues that the Commonwealth has failed to prove the vital element of causation. At trial, the medical examiner testified that the cause of death was a subdural hemorrhage caused by some type of blunt impact

to the head. The examiner stated that a fist punch to the face was consistent with the type of injury involved, however, he could not say with a degree of medical certainty that this instrumentality in fact caused the hemorrhage. If this were the only evidence of causation presented by the Commonwealth, it might have been insufficient under *Commonwealth v. Embry*, 441 Pa. 183, 272 A.2d 178 (1971) and *Commonwealth v. Radford*, 428 Pa. 279, 236 A.2d 802 (1968). However, there is eyewitness testimony that appellant did inflict blows to the victim's head; and that the decedent soon after lapsed into unconsciousness and died within two hours of the assault. Clearly, the testimony of the medical examiner, coupled with such other evidence was sufficient to permit the trier of fact to infer that appellant's blows, in fact, caused the victim's death. See *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976); and *Commonwealth v. Williams*, 476 Pa. 557, 383 A.2d 503 (1978).

Appellant further argues that it was prejudicial error, in violation of the best evidence rule, to allow a Commonwealth witness to give oral evidence of a letter supposedly containing threats by appellant, without producing the letter. As stated by appellant himself, the best evidence of the contents of a writing is the writing itself. Under the rule, this writing must therefore be produced or satisfactory cause shown for its non-production.

■ In the instant case, the Commonwealth witness, appellant's uncle, testified that appellant's mother had given him a letter which she had received. The letter was in appellant's handwriting and signed by him. The witness stated that he had the letter in his possession for some two months, until the co-defendant's brother approached him the day before trial and asked for the letter alleging that the District Attorney needed it. The witness relinquished the letter and had not seen it since. On the basis of this explanation, the trial court found that the Commonwealth had satisfied its burden in establishing that the original letter was no longer available because it had been obtained by subterfuge by one whose interests were adverse to the

436

prosecution. Under these circumstances, secondary evidence in the form of oral testimony was permitted. "Whether the party offering secondary evidence has met this burden of proof successfully is a matter to be determined by the trial court and rests largely in the court's discretion which will not be disturbed on appeal unless there is a manifest abuse thereof." *Hacker v. Price,* 166 Pa.Super. 404, 71 A.2d 851 (1950); and *Commonwealth v. Steadman,* 156 Pa.Super. 312, 40 A.2d 96 (1944). We find no such abuse and therefore affirm this action of the lower court.

Judgment of sentence affirmed.