460 A.2d 1178

**COMMONWEALTH of Pennsylvania**

v.

**Julius WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 13, 1982.

Filed May 27, 1983.

356

Daniel M. Preminger, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

HESTER, Judge:

This is an appeal from the denial of a Post Conviction Hearing Act [1] (hereinafter referred to as PCHA) petition for relief. We affirm.

The salient procedural facts of this case are as follows. Appellant, Julius Williams, was arrested and charged with the shooting of Horace Wallace on January 3, 1974. After a bench trial on October 25, 1974, appellant was convicted of aggravated assault and related charges. The victim's testimony and identification of appellant as his assailant contributed to appellant's conviction. At trial, appellant was represented by Attorney Barry Denker.

1. 42 Pa.C.S.A. § 9541 *et seq.,* formerly 19 P.S. § 1180–1 *et seq.*

On December 21, 1974, the victim, who was completely paralyzed as a result of the shooting, died. Appellant was thereafter charged with murder, and again he proceeded to a non-jury trial. The trial court found appellant guilty of third degree murder and sentenced him to an aggregate sentence of not less than twenty (20) nor more than forty (40) years of imprisonment. Attorney Alfred P. Fillipone (hereinafter referred to as trial counsel) represented appellant at his second trial.

Appellant was represented by another attorney on direct appeal due to the death of his trial attorney. Timothy Savage, Esquire (hereinafter referred to as appellate counsel) filed an appeal to the Supreme Court; however, appellant's murder conviction was affirmed in a per curiam opinion.[2]

On this appeal, appellant complains that:

(1) trial counsel rendered ineffective assistance by informing the trial court of appellant's previous conviction for aggravated assault arising out of the same incident;

(2) trial counsel was also ineffective by failing to investigate and prepare what he considered to be the central issue in the case;

(3) by stipulating to the admission of notes of testimony of the victim from the first trial on the identical facts, counsel's representation constituted ineffective assistance; and finally,

(4) appellate counsel's representation was constitutionally defective for failing to raise the above issues on direct appeal.

In order to assess appellant's claims, it is necessary to evaluate both trial and appellate counsel's representation in light of the standard of review employed by this court since 1967. In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967), the

2. See *Commonwealth v. Williams*, 475 Pa. 306, 380 A.2d 367 (1977).

Pennsylvania Supreme Court enunciated the test to be applied in measuring counsel's effectiveness:

> "Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record." (Emphasis in original)

If the claim which counsel failed to pursue had no merit, counsel will not be deemed ineffective. *Commonwealth v. Taylor*, 491 Pa. 205, 420 A.2d 413 (1980).

Appellant initially contends that trial counsel was ineffective for informing the trial judge of appellant's prior conviction arising from the incident for which he was being charged with murder.[3] He asserts that counsel's admission of appellant's conviction was incompetent evidence and prevented the judge as the trier of fact from maintaining his impartiality. In support of his argument, appellant relies upon *Commonwealth v. Conti*, 236 Pa.Super. 488, 345 A.2d 238 (1975), where we held that in certain instances evidence is so prejudicial that we cannot assume that the trier of fact will be able to disregard the evidence and arrive at an impartial adjudication, even when the trier of fact is the judge himself. Therein the judge was informed of an earlier guilty plea. We remanded for a new trial because the inadmissible evidence was so highly prejudicial that the judge could only conclude appellant was lying either at the time he pled guilty or at trial. "The intrusion into the decision-making process of inadmissible evidence that might predispose the trial judge to believe one side or the other was therefore of vital importance." *Id.*, 236 Pa.Super. at 502, 345 A.2d at 245.

---

**3.** At the conclusion of trial, but prior to verdict, trial counsel requested some time in which to prepare a memorandum of law. Counsel informed the judge at that point that appellant was in custody on the other offense.

■ Those facts differ sharply from the instant case. Herein, the judge was already aware of appellant's prior trial since the testimony of the deceased victim from the first trial was read into the record. Moreover, that testimony revealed a positive identification of appellant as the perpetrator of the offense. Consequently, appellant made no attempt to deny his role in the assault. Rather, the defense proffered by appellant at the second trial was that appellant's assault in January, 1974, was not the legal cause of the victim's death almost a year later.

This is not a case where the trial judge received information concerning appellant's prior record or past crimes which would lead the court to conclude that appellant had "a predilection for crime." See *Commonwealth v. Rivers*, 218 Pa.Super. 184, 279 A.2d 766 (1971). The issue at trial was purely a legal one: whether causation existed between the shooting and the death so as to find appellant criminally culpable. In light of this, we can find no prejudice arising from counsel's conduct in mentioning appellant's custodial status.

We are convinced that counsel's silence in this regard would not have offered "a potential for success substantially greater than the tactics actually utilized." *Commonwealth ex rel. Washington v. Maroney, supra* 427 Pa. at 605 n. 8, 235 A.2d at 353 n. 8. Moreover, an examination of the record discloses that "the trial judge decided the case on the evidence, that he zealously protected the defendant's interests and that he was not prejudiced or influenced in his decision by the knowledge he obtained...." *Commonwealth v. Berkery*, 200 Pa.Super. 626, 630, 190 A.2d 572, 574 (1963).

■ Appellant next argues that counsel was ineffective for failing to properly prepare for trial. The specific instance which appellant employs to illustrate this allegation concerns the medical records of the victim. Two months

before trial, appellant was awarded sufficient funds from the court to hire a forensic pathologist to testify on his behalf. However, trial counsel did not arrange for the defense expert to review the voluminous medical records until approximately one-half hour prior to trial. Appellant asserts that no legal justification existed for trial counsel's failure to obtain sufficient preparation and review time for the expert witness.[4]

This contention is completely devoid of merit. Nowhere does the record reflect that the witness was forced to testify prior to the completion of his review of the medical reports. The expert did not indicate at trial that he required additional time to study the report, and appellant did not present any testimony from this witness at the PCHA hearing to that effect. Significantly, appellant does not allege that a lengthier review by the expert would have resulted in testimony more beneficial to his defense. In fact, the defense expert offered strong and well-founded testimony which favored the defense. Since appellant has not demonstrated how the time period in which his expert reviewed the victim's medical records prejudiced his case, we cannot find that appellant met his burden of proving this allegation of ineffectiveness of trial counsel. *Commonwealth v. Moody*, 295 Pa.Super. 106, 441 A.2d 371 (1982); *Commonwealth v. Bowers*, 245 Pa.Super. 214, 369 A.2d 370 (1976). "Bald assertions of ineffectiveness" have never been sufficient to warrant relief in this Commonwealth. *Commonwealth v. Austin*, 274 Pa.Super. 1, 5, 417 A.2d

---

**4.** Trial counsel wrote a letter to appellant on August 18, 1975, in which he explained that he had not visited appellant because of his own serious medical condition. Appellant relies upon this letter to support his argument of counsel's unpreparedness. However, in that same letter, trial counsel assured appellant that "the investigation and preparation of your case is presently in progress..." This letter, standing alone, cannot sustain appellant's contention because it equally supports the argument that counsel was preparing for trial. We have never held that a limited amount of preparation time is *per se* ineffectiveness. "[R]ather, it is what is able to be accomplished in the days available." *Commonwealth v. Biancone*, 260 Pa.Super. 197, 202, 393 A.2d 1221, 1224 (1978).

1220, 1222 (1980); *Commonwealth v. Roach,* 479 Pa. 528, 388 A.2d 1056 (1978).

Appellant's continued attack on trial counsel's ineffectiveness next centers on counsel's decision not to object to the admission of notes of testimony from the victim at the first trial. At trial, the district attorney read into the record the testimony elicited from the victim, including both direct and cross-examination. Appellant concedes that this testimony was admissible pursuant to 42 Pa.C.S.A. § 5917. This statute provides:

> "Whenever any person has been examined as a witness, either for the Commonwealth or for the defense, in any criminal proceeding conducted in or before a court of record, and the defendant has been present and has had an opportunity to examine or cross-examine, if such witness afterwards dies, or is out of the jurisdiction so that he cannot be effectively served with a subpoena, or if he cannot be found, or if he becomes incompetent to testify for any legally sufficient reason properly proven, notes of his examination shall be competent evidence upon a subsequent trial of the same criminal issue. For the purpose of contradicting a witness the testimony given by him in another or in a former proceeding may be orally proved." [5]

Nevertheless, he contends that "the outrageously prejudicial impact of having a dead person's full testimony inveighed against a defendant" outweighed its probative value and counsel should have so argued. Appellant suggests that this argument would have been buttressed by the ability of the Commonwealth to present other eye witnesses to the shooting.

■ Appellant cites no authority to support his proposition, and with good reason. It has long been axiomatic in our appellate courts that the testimony of the deceased

5. Act of July 9, 1976, P.L. 586, No. 142, § 2, eff. June 27, 1978; reenactment of Act of May 23, 1887, P.L. 158, No. 89, § 3, 19 P.S. § 582.

from a prior proceeding was admissible against the defendant if the deceased had been subject to cross-examination and a record was made of the testimony. *Commonwealth v. Ryhal,* 274 Pa. 401, 118 A. 358 (1922); *Commonwealth v. Miller,* 203 Pa.Super. 511, 201 A.2d 256 (1964). See also *Commonwealth v. Werner,* 444 Pa. 458, 282 A.2d 258 (1971).

The challenged testimony herein comports with the requirements set forth in 42 Pa.C.S.A. § 5917. The witness was obviously unavailable at the time of trial. Appellant, represented by counsel, was provided ample opportunity at his first trial to conduct a thorough cross-examination of the victim. Finally, a complete record of the initial proceeding on the same criminal issue was compiled. Since these criteria were clearly satisfied, the testimony was unquestionably admissible. *Commonwealth v. Scarborough,* 491 Pa. 300, 421 A.2d 147 (1980); *Commonwealth v. Graves,* 484 Pa. 29, 398 A.2d 644 (1979); *Commonwealth v. Miller, supra.* Nowhere in the actual language of the statute or in the case law applying that provision is any intimation that such testimony should only be admitted when other witnesses cannot be found. Consequently, such an argument to the court would have been frivolous; counsel cannot be deemed ineffective for failing to raise such a claim. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Strader,* 262 Pa.Super. 166, 396 A.2d 697 (1978).

Lastly, appellant claims that appellate counsel was ineffective for failing to raise the aforementioned issues of trial counsel's ineffectiveness on direct appeal. As can be seen above, these contentions are specious; appellate counsel cannot be characterized as ineffective for failing to assert baseless claims. *Commonwealth v. Taylor, supra.* Postconviction relief was properly denied.

Order affirmed.