477 A.2d 540

**COMMONWEALTH of Pennsylvania**

v.

**Gerald RAWLS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 1984.

Filed June 8, 1984.

470

Norris E. Gelman, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CIRILLO, BECK and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from a denial of relief under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S. §§ 9541–9551, in which appellant claims he was denied full appellate rights and the right to the representation of competent counsel on a prior direct appeal from judgment of sentence.

On July 21, 1977, appellant Rawls waived a jury and proceeded to trial in the Philadelphia County Court of Common Pleas on charges of second-degree murder, robbery, burglary, and conspiracy. Rawls was convicted and sentenced to life imprisonment for murder, ten to twenty years imprisonment for robbery, ten to twenty years for burglary, and five to ten years for conspiracy, all sentences

to run concurrently. He filed a direct appeal to the Supreme Court, which placed the appeal on the Superior Court Special Transfer Docket. The Superior Court affirmed the judgment of sentence in *Commonwealth v. Rawls*, 270 Pa.Super. 432, 411 A.2d 796 (1979). Neither Rawls nor his appellate counsel sought allocatur in the Supreme Court.

On July 14, 1981, Rawls filed a counselled petition under the PCHA. After an evidentiary hearing, the PCHA court, Blake, J., denied relief in an opinion and order dated December 16, 1982.

Appellant first argues that his court-appointed trial/appellate counsel abandoned him after this Court affirmed the judgment of sentence on direct appeal, and that therefore he was denied his right to seek further appellate review in the Supreme Court of Pennsylvania. After the Superior Court denied relief, counsel effectively withdrew from the case, apparently in the mistaken belief that he had no duty to continue representing Rawls. If Rawls indeed wished to appeal our order, counsel's failure to continue representation was improper under the mandate of *Commonwealth v. Daniels*, 491 Pa. 289, 420 A.2d 1323 (1980).

However, Rawls has never maintained that he wished to appeal our order to the Supreme Court. Instead, he now seeks the right to file a petition for allowance of appeal to the Supreme Court so that he may present two new claims that were not before our Court on the prior direct appeal. These two claims are: 1) that the felony-murder rule as applied to his case is unconstitutional, and 2) that the elements of a jury trial waiver colloquy should be expanded in a homicide case to "inform [the defendant on the] record of the unique powers of a jury in a homicide prosecution in Pennsylvania." Brief for the Appellant at 25. Appellant frames prior counsel's failure to raise these issues in terms of ineffective assistance of counsel, and seeks alternative relief in the form of a new trial.

There is a presumption under the PCHA that appellant's failure to pursue these issues in earlier proceedings was knowing and understanding. 42 Pa.C.S. § 9544(c). In the

PCHA court appellant presented no evidence to overcome this presumption. His entitlement to relief on his two belated claims, therefore, is contingent upon proof that extraordinary circumstances justified his failure to raise these issues earlier in the case. *Id.* §§ 9543(4), 9544(b).

■ Appellant asserts that counsel's ineffectiveness was an extraordinary circumstance which prevented his earlier raising these issues. In assessing ineffectiveness of counsel claims, we are guided by the standard set down by the Supreme Court in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352–53 (1967):

> We cannot emphasize strongly enough ... that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record.

Also, in order to succeed under *Maroney* a petitioner must show that the course of action now advocated posed a substantially greater potential for success than the course counsel actually pursued. *Id.,* 427 Pa. at 605 n. 8, 235 A.2d at 353 n. 8; *Commonwealth v. Jones,* 324 Pa.Super. 359, 471 A.2d 879 (1984); *Commonwealth v. Williams,* 314 Pa.Super. 355, 460 A.2d 1178 (1983). Under this standard, we believe appellant has failed to make out prior counsel's ineffectiveness.

The first issue counsel is charged with not pursuing is a challenge to the constitutionality of the felony-murder statute. Rawls was convicted of second-degree murder under 18 Pa.C.S. § 2502(b), (d), which provide:

> **(b) Murder of the second degree.**—A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

> **(d) Definitions.**—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

. . . .

**"Perpetration of a felony."** The act of the defendant in engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping.

This statute proscribes the crime commonly known as felony-murder. Appellant alleges that counsel was ineffective for not arguing that appellant's conviction under the statute violates his federal constitutional right to due process as enunciated in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). *Sandstrom* held that where intent is an element of the crime, a presumption that a person intends the ordinary consequences of his voluntary acts offends due process. Appellant argues that the Pennsylvania felony-murder statute also offends due process because it conclusively presumes malice, an element of the crime of murder, where a killing occurs in the course of one of the statutorily enumerated felonies.

■■■ Appellant fails to see a crucial distinction between the presumption condemned in *Sandstrom* and that employed under the Pennsylvania felony-murder statute. *Sandstrom* outlawed a mandatory or "burden-shifting" presumption that relieved the prosecution of the burden to prove beyond a reasonable doubt an element of the crime charged, in that case intent under the Montana deliberate homicide statute. In Pennsylvania, the malice "presumed" under the felony-murder law is nothing more than the malice which accompanies perpetration of the underlying felony. *Commonwealth v. Yuknavich*, 448 Pa. 502, 295 A.2d 290 (1972); *Commonwealth v. Nunez*, 312 Pa.Super. 584, 588 n. 2, 459 A.2d 376, 377 n. 2 (1983). The Commonwealth is *not* relieved of the burden to prove that the defendant engaged in the underlying felony with the requisite mens rea. Since each crime enumerated in the felony-murder statute is a crime of specific intent, the Commonwealth must prove such intent. Once such intent is shown,

the felony-murder doctrine merely imputes the malice incident to the intentional felony over to the killing, which, moreover, must be accomplished *in furtherance of* the intentional felony. *Commonwealth v. Waters*, 491 Pa. 85, 418 A.2d 312 (1980).

■ Equating the malice necessary to commission of certain intentional felonies with the legal malice essential to prove second-degree murder is a permissible legislative choice reflecting the gravity with which this Commonwealth views killings perpetrated in the course of serious felonies. Our courts in the past have repeatedly sustained the felony-murder doctrine of imputed malice, and have shown no inclination to strike it down even in the face of due process challenges. *See, e.g., Commonwealth v. Yuknavich, supra; Commonwealth v. Geiger*, 475 Pa. 249, 380 A.2d 338 (1977); *Commonwealth v. Middleton*, 320 Pa.Super. 533, 542 n. 3, 467 A.2d 841, 845 n. 3 (1983) (dictum); *Commonwealth v. Stanton*, 316 Pa.Super. 397, 463 A.2d 19 (1983). *Compare also, Drake v. Francis*, 727 F.2d 990 (11th Cir. 1984) (felony-murder rule upheld against *Sandstrom* challenge) *with Lockett v. Arn*, 728 F.2d 266 (6th Cir.1984) (contra). Accordingly, counsel's failure to challenge the constitutionality of the felony-murder rule does not establish his ineffectiveness.

■ As for appellant's claim that the jury trial waiver colloquy should be expanded in homicide cases, our courts increasingly display reluctance to strictly interpret present colloquy requirements, let alone to expand the requirements even further. *See, e.g., Commonwealth v. Carson*, 503 Pa. 369, 469 A.2d 599 (1983); *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982); *Commonwealth v. Klinger*, 323 Pa.Super. 181, 470 A.2d 540 (1983); *Commonwealth v. Hazen*, 315 Pa.Super. 557, 462 A.2d 732 (1983); *Commonwealth v. Harris*, 311 Pa.Super. 216, 457 A.2d 572 (1983); *Commonwealth v. Campbell*, 309 Pa.Super. 214, 455 A.2d 126 (1983); *Commonwealth v. Anthony*, 307 Pa.Super. 312, 453 A.2d 600 (1982); *Commonwealth v. Herberg*, 306 Pa. Super. 245, 452 A.2d 536 (1982); *Commonwealth v. For-*

*tune*, 289 Pa.Super. 278, 433 A.2d 65 (1981). Appellant admits that the colloquy in his case fully comported with the mandates of *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973). We therefore refuse to find counsel ineffective after the fact for not raising appellant's challenge to the colloquy.

Order affirmed.