Commonwealth, Appellant, v. Radford.

Argued November 15, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Ralph J. Althouse, Jr.,* Assistant District Attorney, with him *W. Richard Eshelman,* District Attorney, for Commonwealth, appellant.

*Clinton J. Najarian,* with him *Albert A. Stallone,* for appellee.

OPINION PER CURIAM, January 9, 1968:

This is an appeal by the Commonwealth from the grant of defendant's motion in arrest of judgment after a jury conviction of second degree murder.

The facts may be summarized as follows: On February 13, 1965, two men entered the home of deceased on the pretext of making a telephone call to get aid for their broken-down car. After gaining access, they immediately commenced searching the premises for cer-

tain moneys thought to be hidden in the house. During the course of the search, the deceased was severely beaten by defendant necessitating his immediate hospitalization. The deceased remained in the hospital from February 13 to March 3, 1965 when he died as a result of a mesenteric vein thrombosis which caused gangrene peritonitis and finally death.

The crux of the problem presented on appeal is whether the beating administered by defendant was the "legal cause" of the thrombosis which set off a chain reaction eventually resulting in death.

The Commonwealth, in an effort to prove legal causation, produced one expert medical witness who had performed an autopsy on the body of the deceased. After a careful study and evaluation of the notes of testimony, we are drawn to the conclusion that at best his testimony indicates that defendant's assault on the deceased *probably* caused the death.

The Commonwealth is charged with the responsibility of proving every essential element of a crime beyond a reasonable doubt. *Commonwealth v. Wucherer,* 351 Pa. 305, 311, 41 A. 2d 574 (1945). Causation being an essential element to the crime of murder, the failure of the Commonwealth to prove more than *probable* causation, justified the lower court's grant of defendant's motion in arrest of judgment.

Judgment affirmed.