## Commonwealth *v.* Embry et al., Appellants.

Argued October 5, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

184

*John J. Dean,* Assistant Public Defender, with him *H. David Rothman,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellants.

*Carol Mary Los,* Assistant District Attorney, with her *Robert L. Campbell,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, January 7, 1971:

This is a direct appeal from the imposition of a life sentence following a jury determination that appellants, all of whom were represented by court-appointed counsel, were guilty of murder in the first degree.

On the morning of December 20, 1967, around 10:45 a.m., Hattie Littlestone, seventy-one years of age, was set upon and robbed of her purse by three youths. In the ensuing struggle to prevent the purse-snatching, she fell to the ground and the youths fled. Miss Littlestone was pronounced dead on arrival at the hospital. While a variety of contentions are raised, because of our disposition of this appeal we can confine our discussion to one point: whether sufficient evidence was introduced to prove beyond a reasonable doubt that Hattie Littlestone's death was *caused* by a criminal agency.

In *Com. v. Radford,* 428 Pa. 279, 236 A. 2d 802 (1968), we clearly indicated that proof of causation must be established beyond a reasonable doubt. Attempting to meet this burden, the Chief Forensic Pathologist for the Coroner's Office of Allegheny County, Cyril H. Wecht, M.D., who performed the autopsy, testified for the prosecution that the sole cause of death was a myocardial infarction, commonly termed a "heart attack." Despite the existence of a past history of cardiac-related problems,[*] Dr. Wecht further opined, "with a reasonable degree of medical certainty," that the myocardial infarction was caused by physical and emotional stress occasioned by the purse snatching and ensuing struggle. No other evidence was presented by the Commonwealth to directly link the purse snatching with Miss Littlestone's death.

Upon cross-examination by the defense attorneys as well as questioning by the trial judge, Dr. Wecht expressly admitted that while he was positively certain that death occurred due to the infarction, he was not convinced beyond a reasonable doubt that the struggle produced the stress which, in turn, could have caused the myocardial infarction. Instead, he was only able to reconstruct the chain of causation with a "reasonable degree of medical certainty." That the witness was not confused by this language is evidenced by his later testimony that in a proper case he could find causation beyond a reasonable doubt.

In *Radford,* the Commonwealth's witness was similarly unable to resolve the issue of causation beyond a reasonable doubt. To semantically distinguish *Radford's* "probable" from this appeal's "reasonable degree

---

[*] Dr. Wecht testified that the autopsy also revealed the victim had "evidence of long-standing disease of the coronary arteries" and "evidence of old scarring in the heart from previous heart attacks, previous myocardial infarctions."

of medical certainty" would be irrelevant since causation must be proven beyond a reasonable doubt. Although it is hornbook law that a jury is never bound by an expert witness, when only one witness is presented by the Commonwealth to establish causation and that witness cannot do so beyond a reasonable doubt, a necessary element of the proof of that crime is missing.

Judgment of sentence reversed.

Mr Justice COHEN took no part in the decision of this case.