**Commonwealth v. Siwert (No. 2)**

*Robert Freedberg*, for Commonwealth.
*Martin Cohen*, for defendant.

PER CURIAM, March 16, 1977—This matter is before the court en banc on defendant's post-verdict motions. On September 30, 1976, following a jury trial before the Honorable Richard D. Grifo, defendant was found guilty of being a defiant trespasser. In support of his post-verdict motions, defendant filed a one-page "brief" citing the "bible" and the "constitution," although failing to raise any issues. Therefore, this court raises two issues sua sponte.

## ISSUES

I. Whether the evidence was sufficient to support the verdict?

II. Whether defendant's First and Fourteenth Amendment rights were violated?

## DISCUSSION

I. Whether the evidence was sufficient to support the verdict?

In evaluating defendant's motion in arrest of judgment, we must consider the entire record and view the testimony in the light most favorable to the Commonwealth: Act of June 15, 1951, P.L. 585, 19 P.S. §871; Com. v. Lawrence, 428 Pa. 188, 189, 236 A. 2d 768 (1968). The test of the sufficiency of the evidence is whether accepting as true all the evidence upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that defendant is

guilty of the crime charged: Com. v. Crews, 429 Pa. 16, 239 A. 2d 350 (1968), quoting Com. v. Kravitz, 400 Pa. 198, 201, 161 A. 2d 861 (1960).

To sustain a conviction, the facts and circumstances which the Commonwealth proves must be such that every essential element of the crime is established beyond a reasonable doubt: Com. v. Roscioli, 454 Pa. 59, 309 A. 2d 396 (1973); Com. v. Radford, 428 Pa. 279, 236 A. 2d 802 (1968); Com. v. Finnie, 415 Pa. 166, 202 A. 2d 85 (1964). Although the Commonwealth does not have to establish guilt to a mathematical certainty, and may in the proper case rely wholly upon circumstantial evidence, the conviction must be based on more than mere suspicion or conjecture: Com. v. Roscioli, supra; Com. v. Cimaszewski, 447 Pa. 141, 288 A. 2d 805 (1972).

Viewed in this light, the trial record discloses the following:

On August 14, 1976, at 2:00 p.m., members of a religious congregation known as The World Wide Church of God were preparing to conduct services at a rented facility used by the church at 53 East Lehigh Street, Bethlehem, Pa. At that time, defendant parked his car, which was equipped with a loud speaker, on the parking lot adjoining the church hall and broadcasted that the members of the church were "of Satan" and were "evil." After receiving complaints from the congregation, the minister notified an official of the association which owns the church facility and the adjoining parking lot, who ordered defendant to leave the premises.

When defendant refused to leave the premises, a police officer was summoned who also ordered defendant to leave. After defendant refused both requests, he was arrested.

The minister testified that the services were not open to the public. He also testified that defendant had been "disfellowshipped" from The World Wide Church of God in 1969.

The pertinent part of the Crimes Code of December 6, 1972, P.L. 1482, 18 P.S. §3503(b), provides: "(b) Defiant trespasser. (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by: (i) actual communication to the actor."

We hold that the evidence was clearly sufficient with respect to all elements of the offense.

II. Whether defendant's First and Fourteenth Amendment rights were violated?

Defendant argued that the parking lot on which he was situated was open to the public. Therefore, he was denied access to a "public forum" in violation of his rights under the First and Fourteenth Amendments.

The First and Fourteenth Amendments are limitations on *state* action, not on action by an owner of private property: Hudgens v. NLRB, 424 U.S. 507, 47 L. Ed. 2d 196, 202 (1976); Lloyd Corp. v. Tanner, 407 U.S. 551, 33 L. Ed. 2d 131, 142 (1972); Central Hardware Co. v. NLRB, 407 U.S. 539, 33 L. Ed. 2d 122, 129 (1972). "[S]treets, sidewalks, parks, and other similar public places are so historically associated with the exercise of First Amendment rights that access to them for the purpose of exercising such rights cannot constitutionally be denied broadly and absolutely." Food Employees Amalgamated Union v. Logan Valley Plaza, 391 U.S. 308, 315, 20 L. Ed. 2d 603 (1968), citing Jamison v. Texas, 318 U.S. 413, 87 L. Ed. 869 (1943);

Hague v. CIO, 307 U.S. 496, 83 L. Ed. 1423 (1939); Lovell v. Griffin, 303 U.S. 444, 82 L. Ed. 949 (1938).

Nevertheless, the United States Supreme Court "has never held that a trespasser or an uninvited guest may exercise general rights of free speech on property privately owned and used nondiscriminatorily for private purposes only." Lloyd Corp., supra, at 407 U.S. 568, L. Ed. 2d 142. However, under very limited circumstances, privately owned property will be treated like publicly owned property: Marsh v. Alabama, 326 U.S. 501, 90 L. Ed. 265 (1946). There have been at least five cases addressing themselves to the issue of whether the property was public or private for First Amendment purposes.

In Marsh, the Supreme Court held that a Jehovah Witness had a constitutional right to distribute religious literature on a sidewalk located in a privately-owned company town. That decision rested upon the basis that a company-owned town is the functional equivalent of a municipality, possessing all the characteristics of an American town (streets, sidewalks, sewers, residences, stores, etc.), except that it is privately owned.

In Logan Valley, supra, the Supreme Court extended Marsh to labor picketing at a store located in a shopping center, where that center was "the functional equivalent of the business district . . . involved in Marsh." Logan Valley, supra, at 603.

In Lloyd Corp., supra, the Supreme Court limited Logan Valley by holding that there is no First Amendment right to distribute handbills protesting the Vietnam War in a shopping center: Lloyd Corp. distinguished Logan Valley rather than overruled it, indicating that in the Lloyd Corp. situation, there

were reasonable alternatives available to convey the message and that the purpose of the handbilling was unrelated to the purpose of the shopping center.

Central Hardware Co. v. NLRB, 407 U.S. 539, 547, 33 L. Ed. 2d 122 (1972), decided the same day as Lloyd Corp., supra, held that there was no First Amendment right by non-employe union organizers to solicit union members on the parking lot of a free-standing hardware store, surrounded on three sides by that store's parking lot. In so holding, the court stated:

"Before an owner of private property can be subjected to the commands of the First and Fourteenth Amendments the privately owned property must assume to some significant degree the functional attributes of public property devoted to public use. The First and Fourteenth Amendments are limitations on state action, not on action by the owner of private property used only for private purposes. The only fact relied upon for the argument that Central's parking lots have acquired the characteristics of a public municipal facility is that they are 'open to the public.' Such an argument could be made with respect to almost every retail and service establishment in the country, regardless of size or location. To accept it would cut Logan Valley entirely away from its roots in Marsh. It would also constitute an unwarranted infringement of long-settled rights of private property protected by the Fifth and Fourteenth Amendments. We hold that the Board and the Court of Appeals erred in applying Logan Valley to this case." 33 L. Ed. 2d at 128-29.

Finally, in Hudgens v. NLRB, the Supreme Court apparently overruled Logan Valley by holding that a labor union did not have a First Amendment right to enter a shopping center for the purpose of picketing. Although the majority opinion recognized that Lloyd Corp. was an outright rejection of the Logan Valley principle, five justices (three concurring and two dissenting) refused to concede that either Lloyd Corp. or Hudgens v. NLRB overruled Logan Valley.

Based upon the above case law, and especially in view of Central Hardware and Hudgens, we hold that the privately-owned parking lot was not transformed into a "public forum" when the property owner rented out the adjacent building to a church group for religious services, which services were not open to the public, and where defendant was "disfellowshipped" from that church seven years prior to the trespass incident. Since no state action was involved because the property was privately owned, the First Amendment is inapplicable to the trespass question.

ʹ We reiterate the conclusion in Hudgens.

We conclude, in short, that under the present state of the law the constitutional guarantee of free expression has no part to play in a case such as this: 47 L. Ed. 2d at 207.

Wherefore, we enter the following

## ORDER OF THE COURT EN BANC

And now, March 16, 1977, defendant's motions in arrest of judgment and for a new trial are denied and dismissed.

The Northampton County Probation and Parole Office is directed to conduct a presentence investi-

gation with regard to defendant, with report to the court. Thereafter, the court will fix a date for the imposition of sentence.