453 A.2d 326

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Paul C. FLOYD, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 22, 1982.*

Decided Dec. 17, 1982.

Stephen J. Margolin, Philadelphia (court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Sarah B. Vandenbraak, Asst. Dist. Attys., for appellee.

* Inexcusably, the District Attorney of Philadelphia failed to file a brief on behalf of the Commonwealth.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On May 21, 1979 police found the dead body of Adelaide Bailey in a second floor bedroom of appellant's home. When the body was discovered, appellant told police: "I killed her. I was drunk. I hit her and hit her. I was scared. I covered her. I was drunk." Appellant and Bailey were drinking partners and friends, and had been drinking together for the better part of a week. At some point, however, appellant and Bailey quarreled over the disappearance of money belonging to appellant, and appellant struck Bailey. According to appellant's testimony, after striking Bailey, he fell asleep, and when he awoke, he found Bailey dead beside the bed where they had been sitting. After trial before a judge sitting without a jury in the Court of Common Pleas of Philadelphia, Pennsylvania, appellant was convicted of third degree murder and sentenced to not less than four nor more than fourteen years imprisonment.

The sole issue raised on this appeal is whether the evidence established beyond a reasonable doubt that Bailey's death was caused by a criminal act. It is axiomatic that a person may not be convicted of murder unless the Commonwealth is able to prove every element of the crime beyond a reasonable doubt and that one such element is the causal connection between death and a criminal act. *See Commonwealth v. Webb*, 449 Pa. 490, 494, 296 A.2d 734, 737 (1972).

Prior to the testimony of a police officer concerning an inculpatory statement given to police by appellant, defense counsel objected, in effect, that the Commonwealth had not established a corpus delicti, and could not therefore proceed to introduce evidence of appellant's inculpatory statement, *see Commonwealth v. Ware*, 459 Pa. 334, 329 A.2d 258 (1974):

[DEFENSE COUNSEL]: Your Honor, at this time I am going to renew my objection based upon the fact that Dr.

Segal [the medical examiner] at no time testified with any degree of medical certainty, nor beyond a reasonable doubt, that there was anyone's criminality involved in the death of this individual. The questions that were asked of him were not whether he did agree beyond a medical certainty or beyond a reasonable doubt, merely what his opinion was, and that is not sufficient under the law to support a criminal action for murder.

N.T. 53. In response to this objection, the court continued the case until the next day so that the medical examiner, Dr. Segal, could return to testify. When Dr. Segal returned to testify, the prosecutor questioned him as follows:

Q. Dr. Segal, with reference to your previous testimony concerning your post-mortem on Adelaide Bailey, can you state *with a reasonable degree of medical certainty* the cause of death of this decedent?

A. Yes.

Q. What is the cause of death of this decedent?

A. Death resulted from the combined effects of the multiple injuries involving the head and the remaining portions of the body, the coronary artery disease and the ethanol intoxication.

Q. *Can you state with a reasonable degree of medical certainty* that the multiple injuries that you noticed were traumatic in nature?

A. Yes.

Q. Can you state *with a reasonable degree of medical certainty* that those injuries, the traumatic injuries you note, are consistent with the victim having been struck by an object, such as a human fist?

A. Yes.

Q. Can you state with a *reasonable degree of medical certainty* that the manner of death, in your opinion, in this case is homicide?

A. Yes.

N.T. 56–57 (emphasis supplied). The prosecutor did not ask the medical examiner whether he could determine the cause

of death beyond a reasonable doubt, and apart from appellant's inculpatory statements, there is no other evidence of causation in the record. The essence of appellant's claim is that because the medical examiner did not formulate his conclusions in terms of the reasonable doubt standard, there is inadequate evidence of causation in the case.

Appellant relies on *Commonwealth v. Embry,* 441 Pa. 183, 272 A.2d 178 (1971), where a seventy-one year old woman with a history of heart trouble was attacked by three youths who attempted to steal her purse. She resisted, suffered a heart attack, and was pronounced dead upon arrival at the hospital. The medical examiner stated with certainty that death was caused by a heart attack, and "with a reasonable degree of medical certainty" that the heart attack was caused by the physical and emotional stress occasioned by the assault. On cross-examination, however, the medical examiner stated that he was not certain

> beyond a reasonable doubt that the struggle produced stress which, in turn, could have caused the myocardial infarction. *Instead he was only able to reconstruct the chain of causation with a "reasonable degree of medical certainty."*

441 Pa. at 185, 272 A.2d at 179. (Emphasis supplied). The Court reversed Embry's first degree murder conviction because of the inability of the medical examiner, who was the Commonwealth's only witness as to causation, to establish causation "beyond a reasonable doubt."

A year later in *Commonwealth v. Webb, supra,* this Court had occasion to address a similar claim that the Commonwealth's expert medical testimony was insufficient to establish cause of death. The *Webb* Court stated:

> It [is] not necessary ... that the witness [a medical examiner] state it was his conclusion beyond a reasonable doubt the head injuries caused McCall's death. "Beyond a reasonable doubt" is a legal standard. Medical causation and legal causation are qualitatively different in their application. ... Whether the Commonwealth's evidence is sufficient to warrant a finding of causal connection is initially a legal question for the court, but whether it is

persuasive beyond a reasonable doubt is for the jury to say.

449 Pa. at 496, 296 A.2d at 737. The *Webb* Court distinguished *Embry* as follows:

> *Embry* is not the present case. Therein, the testimony of the medical witness was fraught with doubt. Although, he did on direct examination express the conclusion "with a reasonable degree of medical certainty" that the stress occasioned by the purse snatching and the ensuing struggle caused the heart attack, on cross-examination he admitted that because of the victim's past medical history, there was a reasonable doubt as to what caused the heart attack.

449 Pa. at 495, 296 A.2d at 737. We believe that the *Webb* Court was in error in distinguishing *Embry*. As stated succinctly in *Commonwealth v. Stolzfus,* 462 Pa. 43, 56, 337 A.2d 873, 879 (1975): "[I]t is only necessary that the [medical examiner] entertain a 'reasonable degree of medical certainty' for his conclusions."

In the present case, the medical examiner expressed his medical conclusions "with a reasonable degree of medical certainty" and there was adequate evidence in the record of causation for the finder of fact to conclude beyond a reasonable doubt that the cause of death was a criminal act.

Judgment of sentence affirmed.