500 A.2d 809

**COMMONWEALTH of Pennsylvania**

**v.**

**Vincent BOYD, Appellant.**

Superior Court of Pennsylvania.

Submitted April 30, 1984.

Filed April 19, 1985.

Reargument Denied May 13, 1985.

Darryl A. Irwin, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Com., appellee.

Before SPAETH, President Judge, and WIEAND and CIRILLO, JJ.

SPAETH, President Judge:

This is an appeal from judgments of sentence for murder in the second degree, robbery, and criminal conspiracy. Appellant argues (1) that the evidence was insufficient to convict him of murder in the second degree; (2) that the trial court erred in admitting his statement to the police; (3) that the eyewitness testimony was so unreliable and contradictory as to be incapable of reconciliation; (4) that certain remarks by the prosecutor were improper; (5) that the trial court erred in admitting an in-court identification; and (6) that the trial court erred in permitting hearsay testimony.

Except for the last argument, which we find waived, we have reviewed appellant's arguments and find them without merit. We therefore affirm.

■ Appellant argues that the evidence was insufficient to convict him of murder in the second degree because the Commonwealth failed to establish beyond a reasonable doubt the cause of the victim's death. We have reviewed the evidence in the light most favorable to the Commonwealth, *Commonwealth v. Lovette*, 498 Pa. 665, 450 A.2d 975 (1982), *cert. denied*, 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983), and find it sufficient. While we agree with the analysis of the trial court, *see* slip op. of tr. ct. at 12–16, we add the following comments to address appellant's contention that *Commonwealth v. Radford*, 428 Pa. 279, 236 A.2d 802 (1968), and *Commonwealth v. Embry*, 441 Pa. 183, 272 A.2d 178 (1971), compel the conclusion that the evidence of causation was insufficient.

In *Radford* and *Embry* the expert medical witnesses were unable to establish causation beyond a reasonable doubt. In *Radford* the medical testimony was to the effect that "defendant's assault ... *probably* caused the death." 428 Pa. at 281, 236 A.2d at 803 (emphasis in original). In *Embry* the doctor who performed the autopsy testified that "he was only able to reconstruct the chain of causation with a 'reasonable degree of medical certainty.' " 441 Pa. at 185, 272 A.2d at 179. These cases continue to be cited for the principle that causation, as an essential element of the crime of murder, must be proved beyond a reasonable doubt. *See, e.g., Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975); *Commonwealth v. Webb*, 449 Pa. 490, 296 A.2d 734 (1972). However, reliance on them has been criticized, and they have been distinguished. *See, e.g., Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976); *Commonwealth v. Webb, supra. But see Commonwealth v. Floyd*, 499 Pa. 316, 453 A.2d 326 (1982) (*Webb* Court in error in distinguishing *Embry*). We are satisfied that *Embry*'s holding, that evidence of defendant's initiating a "chain of causation with a 'reasonable

degree of medical certainty' " was insufficient, has been overruled *sub silentio.* In *Commonwealth v. Webb,* the Court stated:

> It was not necessary ... that the [medical expert] witness state it was his conclusion beyond a reasonable doubt the head injuries caused McCall's [the victim's] death. "Beyond a reasonable doubt" is a legal standard. Medical causation and legal causation are qualitatively different in their application. Whether the Commonwealth's evidence is sufficient to warrant a finding of causal connection is initially a legal question for the court, but whether it is persuasive beyond a reasonable doubt is for the jury to say.

449 Pa. at 496, 296 A.2d at 737 (citation omitted). *See also Commonwealth v. Floyd, supra* 499 Pa. at 320, 453 A.2d at 328 (agreeing that medical examiner need only entertain a "reasonable degree of medical certainty" for his conclusions); *Commonwealth v. Stoltzfus, supra* 462 Pa. at 56, 337 A.2d at 879 (same); *Commonwealth v. Williams,* 455 Pa. 539, 545, 316 A.2d 888, 891 (1974) (same).

■ Appellant next argues that the trial court erred in admitting his statement to the police because he was denied his right, as a juvenile, to consult with an adult interested in his welfare and informed of his rights under the Fifth and Sixth Amendments. *Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669 (1975), *cert. denied* 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976). *See also Commonwealth v. Thomas,* 486 Pa. 568, 406 A.2d 1037 (1979). At the conclusion of a suppression hearing, the trial court found appellant's father to be such an interested and informed adult. *See* N.T. 5/5/82, 5–9. *See also* slip op. of tr. ct. at 40–41. The record supports this finding, and we are therefore bound by it. *Commonwealth v. Jackson,* 497 Pa. 591, 442 A.2d 1098 (1982). The trial court's opinion focused on whether appellant's statement was admissible under *McCutchen. See* slip op. of tr. ct. at 37–41. However, the Supreme Court overruled *McCutchen* in *Commonwealth v. Christmas,* 502 Pa. 218, 465 A.2d 989 (1983), and held that,

instead of *McCutchen's per se* rule, there was a rebuttable presumption that a juvenile's statement made in the absence of an interested and informed adult was inadmissible. A year later the Supreme Court overruled *Christmas* and held that whether a juvenile's statement was admissible, that is, whether the juvenile's waiver of his Constitutional rights had been voluntary and intelligent, is to be determined by an analysis of the totality of the circumstances. *Commonwealth v. Williams,* 504 Pa. 511, 475 A.2d 1283 (1984). We need not decide whether *Williams* should be applied to this case. Assuming that it should be, appellant's statement was admissible, for the record shows that his waiver was voluntary and intelligent. *See* N.T. 4/30/82, 2.47–2.57, 2.61–2.62; 5/18/82, 4.17–4.27, 4.38–4.39; N.T. 5/3/83, 7. *See also* N.T. 5/5/82, 5–9 (findings of fact).

Appellant's arguments that the eyewitness testimony was so unreliable and contradictory as to be incapable of reconciliation; that certain remarks by the prosecutor were improper; and that the trial court erred in admitting an in-court identification, are adequately disposed of by the trial court's opinion. Slip op. of tr. ct. at 28–31, 31–37, and 41–46. With respect to the prosecutor's remarks, we may add one comment: Appellant asserts that in referring to the coat worn by the victim, the prosecutor "ignored" an "explicit[]" instruction by the trial court "not to make reference" to the coat. Brief for Appellant at 18. Appellant does not state where in the record such an instruction appears, and we do not find it, although we do find reference to the coat in the testimony. *See* N.T. 5/17/82, at 102–03.

Finally, appellant argues that an out-of-court statement constituted inadmissible hearsay requiring a new trial. Since this argument was not presented in post-verdict motions, Pa.R.Crim.P. 1123, we find it waived. *Commonwealth v. Goldblum,* 498 Pa. 455, 447 A.2d 234 (1982); *Commonwealth v. Cruice,* 297 Pa.Super. 1, 442 A.2d 1183 (1982).

Affirmed.