J-A27041-23

2024 PA Super 101

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH BERNARD FITZPATRICK, III | : | No. 554 MDA 2023 |

Appeal from the Order Entered March 20, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002534-2014

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

CONCURRING/DISSENTING OPINION BY LAZARUS, J.:**FILED: MAY 17, 2024**

I concur with the Majority's determination that the Commonwealth's accident reconstruction evidence is admissible and that it is for the jury to assess its credibility and the weight to be afforded it. However, I dissent from the Majority's conclusion that Dr. Caruso's expert opinion testimony, regarding manner of death, was not required to be held to the requisite reasonable degree of medical certainty. Accordingly, I would hold, in line with our Supreme Court's longstanding precedent, that the trial court properly barred Dr. Caruso's manner of death testimony from trial.

In my view, the Majority has applied an inappropriately lenient standard in analyzing Dr. Caruso's testimony regarding the victim's manner of death. The admissibility of expert testimony is governed by Pa.R.E. 702, which provides as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson;

(b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and

(c) the expert's methodology is generally accepted in the relevant field.

Pa.R.E. 702.

Although the Majority correctly acknowledges that experts are not required to use "magic words," *see Commonwealth v. Baez*, 720 A.2d 711, 728 (Pa. 1998) (experts need not use "magic words" of "reasonable degree of medical certainty"), courts of this Commonwealth have routinely held that expert opinion testimony must be held to the requisite reasonable degree of certainty. *See Commonwealth v. Gonzalez*, 109 A.3d 711, 727 (Pa. Super. 2015) (expert's report grounded "on mere possibilities" rather than reasonable degree of certainty was not competent evidence) (citing *Gillingham v. Consol Energy, Inc.*, 51 A.3d 841, 849 (Pa. Super. 2012)); *see also Commonwealth v. Radford*, 236 A.2d 802 (Pa. 1968) (holding medical expert's testimony insufficient because expert stated defendant's assault on victim "probably" caused victim's death).

Instantly, the Majority concludes that manner of death testimony is distinct and, somehow, not subject to this same long-recognized standard. However, our Supreme Court has previously held that an expert opinion

regarding **manner of death must be held to our Commonwealth's requisite degree of medical certainty**. ***See Commonwealth v. Spotz***, 756 A.2d 1139, 1160 (Pa. 2000) (forensic pathologist's testimony in first-degree murder trial as to **victim's manner of death** properly based on **reasonable degree of medical certainty**, even though pathologist did not use those "magic words").

The Majority embarks upon a lengthy *dicta*-led journey and concludes by mischaracterizing the holding in ***Spotz***. ***See*** Majority, ---DATE---, at 15-34. The Majority concludes that "manner of death determinations are required to be 'probable' and not 'definitive,' unlike *cause* of death determinations, so Dr. Caruso's language is . . . compatible with the holding in [***Spotz***]." ***Id.*** at 32. The Majority's holding is in direct conflict with the ***Spotz*** Court.

It is clear throughout our caselaw that an expert need not say the magic words, ***see Baez***, ***supra***, but the Majority blatantly mischaracterizes the holding in ***Spotz***. In ***Spotz***, our Supreme Court applied the **same standard** to manner of death that it does to cause of death. As I highlighted above, our Supreme Court expressly stated that a forensic pathologist's testimony as to victim's **manner of death** is properly based upon the "**reasonable degree of medical certainty, rather than mere speculation**." ***See Spotz***, 756 A.2d at 1160 (emphasis added). Moreover, in ***Radford***, our Supreme Court concluded that an expert's statement that defendant "probably" caused the victim's death was not based on a **reasonable degree of medical certainty**. ***See Radford***, ***supra***.

With the appropriate standard in mind, Dr. Caruso's testimony fails to meet the requisite burden. While experts are not required to espouse the "magic words," Dr. Caruso did not merely omit them, but expressly stated that his expert opinion was **not** to the required reasonable degree of medical certainty. **See** N.T. Pre-Trial Hearing, 1/10/23, at 171, 173-74 (Dr. Caruso testifying his opinion was "**not held to a reasonable degree of scientific certainty**;" rather, his opinion was based on "**more likely than not**") (emphasis added); **see id.** at 171-72 (Dr. Caruso testifying "**I think** the manner of death was homicide") (emphasis added).

The Majority attempts to draw a distinction between "manner of death" expert testimony and all other types of expert testimony. **See** Majority, ---DATE---, at 21-34. Simply put, I find that distinction unpersuasive. Rule 702 makes **no distinction** among types of experts or types of expert opinion testimony. **See** Pa.R.Crim.P. 702. Indeed, our standard that expert testimony regarding manner of death must be offered to a **reasonable degree of medical certainty** has been the law of this Commonwealth for decades. **See Spotz**, **supra**; **see also Commonwealth v. Haney**, 131 A.3d 24, 30-31 (Pa. 2015) (accepting expert opinion testimony to reasonable degree of medical certainty on manner of death); **Commonwealth v. Patterson**, 91 A.3d 55, 66 (Pa. 2014) (accepting forensic pathologist opinion testimony to reasonable degree of medical certainty as to manner of death); **Commonwealth v. Miller**, 987 A.2d 638, 656 (Pa. 2009) ("[T]he substance of the testimony presented by the expert must be reviewed to determine

- 4 -

whether the opinion rendered was based on the requisite degree of certainty and not on mere speculation."). Based upon my review, Dr. Caruso's statement that he applied the correct standard of "more likely than not" is an incorrect statement of the law, inasmuch as its almost identical to the language that our Supreme Court disallowed in **Radford** and later applied to manner of death analysis in **Spotz**. **See Radford**, **supra**; **see Spotz**, **supra**. Thus, in my view, the Majority has erred with respect to the standard used to assess the admissibility of manner of death testimony, and I would affirm the trial court's order in this respect.

Accordingly, I respectfully dissent.