J-S40023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COURTNEY BOYD | |
| Appellant | No. 2911 EDA 2014 |

Appeal from the PCRA Order September 5, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0112641-1982

BEFORE:  BOWES, J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                     **FILED JULY 12, 2016**

Appellant, Courtney Boyd, appeals from the September 5, 2014 order, dismissing as untimely, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm in part, reverse in part, vacate the judgment of sentence, and remand for resentencing.

On October 21, 1983, the trial court imposed a mandatory, aggregate sentence of life imprisonment without the possibility of parole, after Appellant was found guilty of one count each of second-degree murder and robbery.[1]  The parties agree that Appellant was under 18 years of age at the time of the offenses.  Appellant's Brief at 4; Commonwealth's Brief at 16.

---

[1] 18 Pa.C.S.A. §§ 2502(b) and 3701, respectively.

This Court affirmed the judgment of sentence on May 4, 1987, and our Supreme Court denied Appellant's petition for allowance of appeal on September 17, 1987. *Commonwealth v. Boyd*, 528 A.2d 254 (Pa. Super. 1987), *appeal denied*, 532 A.2d 436 (Pa. 1987). Appellant did not seek a writ of *certiorari* from the United States Supreme Court. Thereafter, Appellant filed petitions for post-conviction relief in 1989, 1997 and 2005, none of which earned him relief. Appellant filed the instant petition on October 21, 2008. After several amendments, the PCRA court dismissed the same as untimely on September 5, 2014. Appellant filed a timely notice of appeal on October 6, 2014.[2]

On appeal, Appellant presents the following two issues for our review.

> I. Did the [PCRA] court err in denying [Appellant] an evidentiary hearing when [Appellant] asserted in his PCRA petition that he had newly discovered evidence which showed that [Appellant] was innocent of the crimes of which he had been convicted and that [Appellant] has acted within 60 days of discovery of this evidence in filing his PCRA petition?

---

[2] We observe that the 30th day fell on Sunday, October 5, 2014. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely notice of appeal was on Monday, October 6, 2014. As a result, we deem his appeal timely filed. We further note that Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

> II. Did the [PCRA] court err in imposing a life sentence without parole for the crime of second[-]degree murder because [Appellant] was a 17[-]year[-]old juvenile at the time of the alleged offense and both the U.S. Constitution and [the] Constitution of the Commonwealth of Pennsylvania prohibit the imposition of a life sentence without parole upon an individual who at the time of the commission of the crime was a juvenile under the age of 18 years of age?

Appellant's Brief at 2.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Here, the PCRA court dismissed Appellant's petition as untimely, concluding it lacked jurisdiction to consider the merits of the same.

Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). A petition is timely if it is filed within one year of the date on which the judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted).

Here, as noted above, our Supreme Court denied *allocatur* on September 17, 1987. As Appellant did not seek a writ of *certiorari* from the United States Supreme Court, his judgment of sentence became final on November 16, 1987, when the period for filing a *certiorari* petition expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); U.S. S. Ct. R. 20.1 (former Rule noting that the *certiorari* filing period was 60 days). Appellant filed the instant petition on October 21, 2008; as a result, it was facially untimely.

In this case, Appellant acknowledges that his petition is facially untimely, but purports to raise two time-bar exceptions, which we address in

turn. First, Appellant avers that the newly-discovered fact exception at Section 9545(b)(1)(ii) applies. Appellant's Brief at 6. Specifically, Appellant argues that his discovery of the medical examiner's file showed that the assistant medical examiner lied during his testimony at Appellant's trial. *Id.*

Our Supreme Court has previously described a petitioner's burden under the newly-discovered evidence exception as follows.

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown"* and 2) "could not have been ascertained by the exercise of *due diligence*." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012).

Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit … runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he

first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

*Id.* (some citations omitted).  Our Supreme Court has held that Section 9545(b)(2) also requires a showing of due diligence insofar that a petitioner must file the petition within 60 days that the claim could have **first** been presented.  ***Commonwealth v. Edmiston***, 65 A.3d 339, 350 (Pa. 2013), *cert. denied*, ***Edmiston v. Pennsylvania***, 134 S. Ct. 639 (2013).

In this case, Appellant argues that he first became aware of the additional files, which are from 1981-1982, around "the end of August 2008."  Appellant's Brief at 6; ***see also*** Appellant's Amended PCRA Petition, 2/22/12, at ¶ 26(c).  The investigator was retained by Appellant on January 6, 2005.  Appellant's Amended PCRA Petition, 2/22/12, at ¶ 26(a).  However, Appellant has not forwarded any argument as to why his claim could not have been pursued between 1981 and 2005, especially given his multiple prior PCRA petitions.  Appellant argues "that this evidence could not have been discovered by due or reasonable diligence because they [sic] evidence was not provided to trial defense counsel and trial defense counsel would not have been put on notice that the medical examiner who testified and the Commonwealth were not disclosing documents that would have helped [Appellant]'s case."  Appellant's Brief at 6-7.  We reject this argument because, as noted above, the burden was on Appellant to explain why these documents from the 1980s, prepared before trial, could not have

been discovered earlier. *See Williams*, *supra*. He has not done so in this case, as he does not specifically explain why he waited until 2005 to hire an investigator for files from 1981-1982. Based on these considerations, we conclude Appellant has not satisfied the newly-discovered fact exception to the time-bar. *See Bennett*, *supra*.

Appellant next argues on appeal that the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), applies retroactively to cases on collateral review.[3] Appellant's Brief at 10. In *Miller*, the Supreme Court held the Cruel and Unusual Punishment Clause of the Federal Constitution forbids the imposition of a mandatory sentence of life imprisonment without the possibility of parole upon a minor, even for a homicide. *Miller*, *supra* at 2460. On January 25, 2016, the Supreme Court decided *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which concluded that *Miller* is to be applied retroactively to cases on state collateral review. *Montgomery*, *supra* at 736.

---

[3] Appellant amended his PCRA petition on August 7, 2012 to include a claim based on the United States Supreme Court's decision in *Miller*. Although Appellant states his claim as a matter of *habeas corpus* relief, we construe it as an argument under the PCRA and its new constitutional right exception. *See generally Commonwealth v. Brown*, 71 A.3d 1009, 1015-1016 (Pa. Super. 2013) (stating that claims pertaining to *Miller* go to the legality of the sentence), *appeal denied*, 77 A.3d 635 (Pa. 2013); *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004) (stating that legality of sentence claims are cognizable under the PCRA); 42 Pa.C.S.A. §§ 9542, 9543(a)(2)(vii).

Given that Appellant is correct that **Miller** is retroactive to cases on collateral review, we now address whether we may afford him a remedy at this juncture. Section 9545(b)(1)(iii) permits an exception to the PCRA time-bar when the petition in question alleges and proves "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and **has been held** by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii) (emphasis added). In **Commonwealth v. Abdul-Salaam**, 812 A.2d 497 (Pa. 2002), our Supreme Court held that the General Assembly's use of the past tense in the phrase "has been held" in Section 9545(b)(1)(iii) means that the applicable "retroactivity determination must exist at the time that the petition is filed." **Id.** at 502. As noted above, Appellant's petition was initially filed on October 21, 2008 and amended to include **Miller** on August 7, 2012, but **Montgomery** was not decided until January 25, 2016.

However, on February 9, 2016, this Court examined **Abdul-Salaam** and held that any petition filed between **Miller** and **Montgomery** would be considered timely for the purposes of both Section 9545(b)(1)(iii) and Section 9545(b)(2). **Commonwealth v. Secreti**, 134 A.3d 77, 82-83 (Pa. Super. 2016). The Court explained that this was necessary to "harmonize the PCRA requirements with **Montgomery**, **Miller**, and **Abdul-Salaam** and simultaneously achieve the justice this law was designed to promote." **Id.**

at 82. Therefore, consistent with *Secreti*, Appellant's petition was timely and *Miller* does apply to his case. Furthermore, as noted above, Appellant was given a mandatory sentence of life imprisonment without the possibility of parole, and the Commonwealth acknowledges that Appellant was a minor at the time of the offense. Appellant's Brief at 4; Commonwealth's Brief at 16. As a result, Appellant is entitled to resentencing, consistent with *Montgomery*, *Miller*, and *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013).[4]

Based on the foregoing, we conclude Appellant's PCRA petition was timely filed as to his sentencing claim, and he is entitled to resentencing in light of *Miller*, *Montgomery*, and *Secreti*.[5] However, we also conclude that Appellant's PCRA petition as to his claim of newly-discovered evidence is time-barred. Accordingly, the PCRA court's September 5, 2014 order is affirmed in part and reversed in part, the October 21, 1983 judgment of sentence is vacated, and the case is remanded for resentencing, consistent with this memorandum.

---

[4] We note that the General Assembly passed Section 1102.1 in October 2012 to address *Miller*, which provides new mandatory minimum sentences for juveniles convicted of first-degree murder. However, Section 1102.1's text limits its application to those "convicted after June 24, 2012[.]" 18 Pa.C.S.A. § 1102.1(a), (c).

[5] On remand, the PCRA court shall appoint counsel for Appellant because sentencing is a critical stage of a criminal proceeding, requiring counsel. *See generally Commonwealth v. Phillips*, 93 A.3d 847, 854 (Pa. Super. 2014) (citation omitted).

Order affirmed in part and reversed in part. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2016